IN THE MATTER OF RULES OF CRIMINAL PROCEDURE

5-5888

Opinion delivered May 1, 1972

*William S. Arnold,* for Arkansas Bar Association, petitioner.

*Spitzberg, Mitchell & Hays,* by: *Jerry D. Jackson,* for intervenors, Arkansas Press Association and Sigma Delta Chi

LYLE BROWN, Justice. The Arkansas Bar Association filed with this court a petition seeking the addition of five rules to the existing rules of criminal procedure. The proposed rules would fix guidelines governing the release and publication of information in connection with criminal proceedings. The rules would primarily affect the trial courts, attorneys, law officers, and newspapers. The Arkansas Press Association, a leading journalism society (Sigma Delta Chi), and many individual newspaper reporters have made known to this court their opposition to the proposed rules, either by briefs or letter petitions.

It is our conclusion that the petition should be denied. We are not convinced that we have a problem with court news dissemination that requires the adoption of rather rigid rules covering all facets of the subject. We might have a different situation if we had large cities, such as Los Angeles, Chicago, or New York, where there are great volumes of criminal trials and a multitude of various types of newspapers. Judging from the records in the many criminal appeals coming to our court we can safely say that points for reversal based on alleged prejudices created by procedures covered in the proposed rules are indeed rare.

It is also persuasive to us that trial courts have the inherent power to adopt and enforce reasonable rules covering the subject matter before us. If there now exists, or later develops, a problem in any particular judicial circuit, the affected judge can just as easily correct the situation under his inherent powers by the promulgation of a simple and constitutional rule that would correct the particular problem. Such rules would be more successful if they were in the nature of voluntary rules of fair practice acceptable to both the bar and the press in the affected jurisdiction. Voluntary rules are now in effect in many jurisdictions and they are commended by the American Bar Association.

The Constitution of the United States guarantees freedom of the press. It also guarantees the right to trial by an impartial jury. When rules such as those submitted to this court are drafted the problem of balancing those two guarantees so that neither may be infringed upon confronts the drafters. We are not here required to pass upon the constitutionality of each of the proposed rules now before us; however, we do have some doubt that all the provisions would pass a constitutionality test. We make that statement because, if at some time in the future the rules are submitted to a particular trial court jurisdiction, the guidelines as now written, should be carefully evaluated with the constitutional issue in mind.

The fact that we do not see fit to adopt the proposed rules is meant as no reflection on the drafting committee of the Arkansas Bar Association. In fact we commend their efforts which we know were in all sincerity. Their only desire was to afford what they thought were appropriate guidelines for fair trial and free press.

Petition denied.